UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEGOTIATUS CORP d/b/a ORDER.CO,<br><br>Plaintiff,<br><br>v.<br><br>VIOLA INC., VB BRANDS CALIFORNIA LLC, VIOLA PORTLAND LLC, and D SAVAGE LLC,<br><br>Defendants. | :<br>:<br>:<br>:<br>:  Civil Action No.<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

1. Negotiatus Corp d/b/a Order.co brings this action against Viola, Inc., VB Brands California LLC, Viola Portland LLC, and D Savage LLC (collectively "Viola") to recover payment for services that Order.co provided to Viola pursuant to a contract between Order.co and Viola.

2. Viola initially paid for Order.co's services in accordance with their agreement, but eventually ceased making payments despite continuing to order and receive services from Order.co.

3. Viola acknowledged its debt to Order.co, but has still refused to pay.

4. As a result, Order.co brings this action to recover amounts that Viola acknowledges it owes but refuses to pay, along with accrued and accruing interest, which amounts currently stands at $352,496.08, and any and all other damages the Court determines to be appropriate.

**PARTIES**

5. Negotiatus Corp d/b/a Order.co is a corporation organized and existing under the laws of Delaware with its principal place of business at 156 5th Avenue, Floor 7, New York, NY 10010. Order.co is therefore a citizen of Delaware and New York.

6. On information and belief, Viola, Inc. is corporation organized and existing under the laws of Colorado with its principal place of business at 4645 Joliet Street, Denver, CO 80239. Viola, Inc. is therefore a citizen of Colorado.

7. On information and belief, VB Brands California LLC is a limited liability company organized and existing under the laws of California whose members have citizenship in California. VB Brands California LLC is therefore a citizen of California.

8. On information and belief, Viola Portland LLC is a limited liability company organized and existing under the laws of Oregon whose members have citizenship in Oregon and California. Viola Portland LLC is therefore a citizen of Oregon and California.

9. On information and belief, D Savage LLC is a limited liability company organized and existing under the laws of Michigan whose members have citizenship in Michigan. D Savage LLC is therefore a citizen of Michigan.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interests and costs, and there is complete diversity of citizenship between Order.co and Viola.

11. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Order.co's claims occurred in the federal district in which this Court resides.

12. Alternatively, venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Viola is subject to this Court's personal jurisdiction with respect to this action, and there is no district where Order.co may otherwise bring this action pursuant to 28 U.S.C. § 1391(b)(1) or (2).

13. This Court has personal jurisdiction over Viola pursuant to a valid, contractual forum selection clause in Order.co's Terms and Conditions, to which Viola agreed. See Exhibit 1 § 14.7.

## VIOLA CONTRACTS WITH ORDER.CO FOR SERVICES

14. Order.co operates a web-based platform that provides a range of business and administrative services to its users, such as procurement, accounts payable automation, purchasing, purchase orders, and vendor management.

15. To purchase services from Order.co, a customer must create a user account on Order.co's web platform and agree to Order.co's Terms and Conditions.

16. On or about February 25, 2022, Viola created an Order.co account and entered into the Terms and Conditions with Order.co.

17. In doing so, Viola entered into a contractual agreement with Order.co consisting of the Terms and Conditions (the "Agreement"). A true and correct copy of the Terms and Conditions to which Viola agreed is attached as Exhibit 1.

18. Pursuant to the Agreement, Order.co agreed to "provide purchasing solutions and services through proprietary procurement and order fulfillment software and technology and related services for the purchase of supplies and products." Exhibit 1 § 1.

19. In particular, Order.co agreed to provide the services that would be specifically requested by Viola and accepted by Order.co, which services could be requested through, *inter*

*alia*, online sign-up or subscription flow using Viola's web account on Order.co's platform.  See Exhibit 1 § 6.1.

20.  "[I]n exchange for [Order.co's] performance of the Services," Viola agreed to pay service fees to Order.co.  See Exhibit 1 § 3.1.

21.  The Agreement further provides that Order.co would invoice Viola for the fees owing in exchange for the services rendered, and that Viola would make required payment on the invoices within thirty days of the invoice issue date unless another date was agreed by the parties, or unless the amount reflected on the invoices was "disputed by [Viola] in good faith." See Exhibit 1 § 3.1.

22.  Pursuant to the Agreement, any amounts owing to Order.co that remained unpaid within ten days of becoming due accrue interest at a rate of 1.5% compounded monthly.  See Exhibit 1 § 3.5.

23.  In the event that a required payment is not received within ten days of becoming due, Order.co may "suspend performance for all Services until payment has been made in full." See Exhibit 1 § 3.5.

## VIOLA INITIALLY PAID FOR ORDER.CO'S SERVICES

24.  After entering into the Agreement with Order.co on February 25, 2022, Viola began requesting services from Order.co using its account on Order.co's web platform.

25.  Order.co accepted the requests and provided Viola with the requested services.

26.  In accordance with the Agreement, Order.co presented Viola with invoices for the amounts owing in exchange for the services provided.

27.  Order.co first issued an invoice to Viola for payment in exchange for services rendered on or about March 14, 2022, and it continued thereafter to provide Viola with invoices for services requested and rendered, in accordance with the Agreement.

28. Viola accepted the invoices, and from March, 2022 until November, 2022, Viola made the required payments on the invoices.

29. Specifically, between March 14, 2022 and November 11, 2022, Order.co issued, and Viola accepted and paid, 24 invoices in a total amount of $418,070.49. A true and correct copy of the list of invoices issued by Order.co and paid by Viola between March 14, 2022 and November 11, 2022 is attached hereto as Exhibit 2.

## VIOLA STOPPED MAKING REQUIRED PAYMENTS

30. After November 11, 2022, Viola continued to order services from Order.co.

31. Order.co continued accepting Viola's requests and providing the services, which services were accepted by Viola without objection.

32. Order.co incurred business and operational expenses in providing the services to Viola.

33. In accordance with the Agreement, Order.co continued providing invoices to Viola for the services requested and rendered, and Viola continued to accept the invoices without objection.

34. However, despite continuing to accept the invoices without objection, Viola stopped making payments on the invoices as required under the Agreement. True and correct copies of the invoices for which Viola has failed to make required payment are attached as Exhibit 3.

35. Viola first failed to pay invoices to Order.co in accordance with the Agreement on December 16, 2022 (invoice no. 267146, 267148, and 267133). See Exhibit 3.

36. Viola subsequently failed to pay Order.co on each of: December 21, 2022 (invoice no. 267156, 267158, and 267159), December 23, 2022 (invoice no. A812451D-0005), December 28, 2022 (invoice no. 267151, 267154, and 267164), January 4, 2023 (invoice nos.

267150, 267166, and 267167), January 23, 2023 (invoice no. 267143, 267144, and A812451D-0006), January 31, 2023 (invoice no. 246462), February 23, 2023 (A812451D-0007), and March 3, 2023 (invoice no. 254892).  See Exhibit 3.

37. Viola accepted each of the invoices included in Exhibit 3 without objection.

38. As a result of Viola's failure to pay, more than $300,000 in unpaid fees due to Order.co had accrued by April 2023, which amount continued to grow and accrue interest under the Agreement.  See Exhibit 1 § 3.5.

**VIOLA ACKNOWLEDGED ITS DEBT BUT STILL REFUSES TO PAY**

39. In March of 2023, after several months of nonpayment by Viola, Order.co made good faith requests to Viola that it pay the outstanding balance it owed to Order.co, including by offering to engage with Viola to create a payment plan.  See Exhibit 4.

40. On or about March 20, 2023, Viola expressly acknowledged through its agents (i.e. its outside accounting firm, Rebel Rock) that it owed a "substantial balance" to Order.co that was past due.  See Exhibit 4 at March 20, 2023 2:07PM email ("I know there is a substantial balance due to Order and we [Viola] want nothing but to make you guys whole for the outstanding balance.").

41. On or about April 5, 2023, Viola further acknowledged that the amount it owed to Order.co was in excess of $300,000.  See Exhibit 4 at April 5, 2023 3:39PM email; Exhibit 4 at April 5, 2023 6:44PM email.

42. Despite acknowledging the "substantial balance" it owes to Order.co, Viola has not paid the amounts it owes Order.co.

43. Viola also refused to create a payment plan for Viola to pay off its debt to Order.co.

44. Viola has accepted without objection each and every invoice provided to it by Order.co, including those that it has failed to pay.

45. Viola has not disputed any of the amounts reflected on the invoices for which it has failed to make payment.

46. Viola has not made any payment to Order.co since November 11, 2022.

47. On September 27, 2023, Order.co formally demanded, through counsel, that Viola pay the outstanding amount it owed to Order.co.  See Exhibit 5.

48. Order.co received no response to its demand.

49. As a result of Viola's continued to failure to pay, it currently owes Order.co $352,496.08 in fees and accrued interest, which amount continues to grow and accrue interest at a rate of 1.5% compounded monthly.

## COUNT I – BREACH OF CONTRACT

50. Order.co incorporates by reference the preceding paragraphs as if fully set forth herein.

51. Viola entered into a written contract with Order.co, consisting of Order.co's Terms and Conditions, a copy of which is attached as Exhibit 1.

52. Order.co fulfilled all of its obligations under the Agreement.

53. The Agreement requires Viola to pay Order.co fees in exchange for services provided to it by Order.co.

54. All conditions precedent to Order.co's right to payment have been satisfied or waived.

55. Viola never disputed or objected to any of the amounts that it owes Order.co.

56. Viola has breached its obligations under the Agreement by failing to make required payments to Order.co.

57. Order.co has suffered and continues to suffer damages as a direct and proximate result of Viola's breach of the Agreement.

**WHEREFORE**, Order.co demands judgment be entered in its favor, and against Viola, in the amount of $352,496.08 as of the date of this Complaint, plus interest which accrues at a rate of 1.5% compounded monthly until the date full payment to Order.co is made, along with costs, attorneys' fees, and such other relief as to the Court deems just and equitable.

### COUNT II – IN THE ALTERNATIVE – ACCOUNT STATED

58. Order.co incorporates by reference the preceding paragraphs as if fully set forth herein.

59. A debtor-creditor relationship exists between Viola and Order.co, as Viola owes Order.co $352,496.08 in exchange for Order.co's services.

60. Order.co presented Viola with invoices reflecting the amounts Viola owes to Order.co.

61. Viola accepted all of Order.co's invoices without objection, including those on which it has failed to make payment, and which include the amounts making up Viola's current debt to Order.co.

62. Viola expressly acknowledged its debt to Order.co.

63. Viola never objected to the invoices or disputed the amounts owed as reflected therein.

**WHEREFORE**, Order.co demands judgment be entered in its favor, and against Viola, in the amount of $352,496.08 as of the date of this Complaint, plus interest which accrues at a rate of 1.5% compounded monthly until the date full payment to Order.co is made, along with costs, attorneys' fees, and such other relief as to the Court deems just and equitable.

## COUNT III – IN THE ALTERNATIVE – UNJUST ENRICHMENT

64. Order.co incorporates by reference the preceding paragraphs as if fully set forth herein.

65. Order.co provided services to Viola in good faith.

66. Viola was enriched by, and benefitted from, the services Order.co provided to Viola.

67. The enrichment and benefit received by Viola was at Order.co's expense.

68. It would be unjust to allow Viola to retain the benefit without compensating Order.co.

69. Equity and good conscience require the Viola make restitution to Order.co in an amount of $352,496.08, plus accruing interest.

**WHEREFORE**, Order.co demands judgment be entered in its favor, and against Viola, in the amount of $352,496.08 as of the date of this Complaint, plus interest which accrues at a rate of 1.5% compounded monthly until the date full payment to Order.co is made, along with costs, attorneys' fees, and such other relief as to the Court deems just and equitable.

## COUNT IV – IN THE ALTERNATIVE – QUANTUM MERUIT

70. Order.co incorporates by reference the preceding paragraphs as if fully set forth herein.

71. Order.co rendered services to Viola in good faith, and incurred expenses on Viola's behalf.

72. Viola accepted and enjoyed the benefits of Order.co's services, but has failed to compensate Order.co for the reasonable value of the services it accepted and retained.

73. Order.co expected reasonable compensation from Viola in exchange for its services.

74. The reasonable value of the services Order.co provided to Viola was set forth in Order.co's invoices to Viola, which accrues interest at a rate of 1.5% compounded monthly, and which is currently in an amount of $352,496.08.

**WHEREFORE**, Order.co demands judgment be entered in its favor, and against Viola, in the amount of $352,496.08 as of the date of this Complaint, plus interest which accrues at a rate of 1.5% compounded monthly until the date full payment to Order.co is made, along with costs, attorneys' fees, and such other relief as to the Court deems just and equitable.

Respectfully submitted,

**COZEN O'CONNOR**

Aaron Krauss (5164124)
Maria Ermakova (5776877)
3 World Trade Center
175 Greenwich Street, 55th Floor
New York, NY 10007
P: (215) 665-4181
F: (215) 701-2381
akrauss@cozen.com
mermakova@cozen.com
*Attorneys for Plaintiff*

Dated: January 11, 2024