USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/07/2025

**COZEN O'CONNOR**

June 6, 2025

**Nathan J. Larkin**
Direct Phone  215-366-4463
Direct Fax      215-701-2317
nlarkin@cozen.com

**VIA ECF**

Hon. Stewart D. Aaron
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007601 Market Street
Philadelphia, PA 19106

**Re:** *Negotiatus Corp d/b/a Order.co v. Viola, Inc., et al.*; No. 24-cv-00243

Dear Judge Aaron:

I write jointly on behalf of the parties in the above-referenced action (the "Parties"), pursuant to the Court's Individual Practices § III.E., to respectfully request the Court's permission to file the Parties' settlement agreement (the "Settlement Agreement") under seal. Pursuant to the Court's June 2, 2025 Order (ECF 40) and the Court's Individual Practices, the Parties caused the Settlement Agreement to be filed via ECF, with a copy containing limited redactions filed publicly and a fully unredacted copy filed under seal. The Parties respectfully request that the unredacted copy be permitted to remain under seal.

As set forth in the Settlement Agreement, the Parties agreed to keep the specific terms of their Settlement Agreement confidential. *See* Settlement Agreement ¶ 14. This agreement to maintain confidentiality was "a material inducement to the Parties to enter th[e] Settlement Agreement." *See* Settlement Agreement ¶ 14. The parties have agreed that the terms and conditions are of particular sensitivity. The Parties have therefore narrowly tailored their proposed redactions of the publicly filed Settlement Agreement to apply only to the sensitive terms and conditions. The entire remainder of the Settlement Agreement is unredacted.

It is well-established that whether to permit records to be sealed is "best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). In this instance, the weight of the presumption of public access to the specific settlement amounts is low. Indeed, there is little if any public interest served in disclosing those specific amounts. Conversely, the Parties have a strong interest in maintaining their confidentiality, which was a material inducement to the Settlement Agreement. As such, the Parties submit that the narrowly tailored redactions strike an appropriate balance between the Parties' interest in preserving the confidentiality of the terms of their Settlement Agreement and any public interest in disclosure.

The Parties therefore respectfully request that the Court permit their unredacted Settlement Agreement to remain filed under seal, while the publicly filed version containing only limited redactions remains available on the public docket.

Hon. Stewart D. Aaron
June 6, 2025
Page 2

The Parties appreciate the Court's time and consideration of this matter.

Respectfully submitted,

| | |
|---|---|
| **COZEN O'CONNOR** | **U.S. LAW GROUP**<br>*aka* **Usman Shaikh Law Group** |
| /s/ Nathan J. Larkin<br>Aaron Krauss (5164124)<br>Maria Ermakova (5776877)<br>Cara D. Kaplan (5700364)<br>Nathan J. Larkin (admitted *pro hac vice*)<br>3 World Trade Center<br>175 Greenwich Street, 55th Floor<br>New York, NY 10007<br>P: (215) 665-4181<br>F: (215) 701-2381<br>akrauss@cozen.com<br>mermakova@cozen.com<br>ckaplan@cozen.com<br>nlarkin@cozen.com<br>*Attorneys for Plaintiff* | /s/ Raymond J. Markovich<br>Raymond J. Markovich (RM0919)<br>30 Wall Street, 8th Floor<br>New York, NY 10005<br>M: 323-401-8032<br>Tel: 212-634-4545<br>Fax: 212-634-4546<br>ray@uslawgroupinc.com<br>*Attorneys for Defendants* |

The parties' request to seal the unredacted version of the Settlement Agreement filed at ECF No. 46 is GRANTED. The Settlement Agreement is a "judicial document" in that it is relevant to this Court's performance of its judicial function. *See Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). Thus, there's a "strong presumption" of public access to it, and the Court may not order it sealed without making a "specific, on-the-record finding that sealing is necessary to preserve higher values" and issuing a "narrowly tailored" sealing order. *Id*. Here, the Court finds that sealing, in the form of partial redactions, is necessary to preserve higher values. The information that the parties seek to have redacted relates only to certain financial terms of the settlement and the Court finds that partial sealing (*i.e.*, redacting this information) is appropriate. *Cf. United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (finding low presumption of public access to documents and testimony that "play only a negligible role in the [Court's] performance of [its] Article III duties."). Moreover, the Court also finds that the request is sufficiently narrowly tailored. SO ORDERED.
Dated: 5/07/2025